IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN SHEK,

    Plaintiff,

  v.

CHILDREN'S HOSPITAL RESEARCH CENTER OF OAKLAND, ET AL.,

    Defendants.

                                     /

No. C 12-04517 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND VACATING HEARING**

## INTRODUCTION

In this wrongful-termination action, defendant moves to dismiss pursuant to FRCP 12(b)(6). For the reasons stated below, the motion is **GRANTED**. The hearing scheduled for December 13, 2012, is **VACATED**.

## STATEMENT

Pro se plaintiff John Shek was employed by defendant Children's Hospital Research Center of Oakland as a radiologic technologist from March 2006 until January 2011. According to the complaint, throughout his employment plaintiff was harassed and intimidated on numerous occasions by defendant Cedric Wilson, the former director at the hospital. Plaintiff alleges that he contacted defendant Brenda Husband, the hospital's human resources manager, regarding the harassment; however, no action was ever taken against Director Wilson.

On April 20, 2010, plaintiff was laid off. Plaintiff requested that the union file a grievance the next day on the basis that he was "picked out of seniority order and per diems

[were] working while benefitted technologists were being layoff " [sic] (First Am. Compl. ¶ 11). Plaintiff was allegedly told by the union representative, defendant Nato Green, that plaintiff was the least senior CT technologist and because the hospital overstaffed CT technologists, plaintiff's position at the hospital was being eliminated. Plaintiff alleges that this reason was pretextual and that he was discriminated against because he is Asian and over the age of forty.

In May 2010, plaintiff accepted full-time employment at the hospital's location in Walnut Creek (*id.* at ¶ 18). Due to the complaint's ambiguity, it is unclear whether plaintiff worked at the Walnut Creek hospital, or was re-hired for his previous position on the night shift at its Oakland facility. Regardless, plaintiff alleges that the harassment and discrimination by Director Wilson caused plaintiff to suffer a "stress breakdown," for which plaintiff saw an occupational physician (*id.* at ¶ 43). The complaint further alleges that plaintiff filed a workers' compensation claim because of his disability (*id.* at ¶ 51). Plaintiff was scheduled for medical leave due to his "mental disability;" however, he was laid off for the second time on January 10, 2011.

The complaint alleges that in January 2012, plaintiff discovered that the hospital was violating the collective bargaining agreement by hiring "per diem" employees to prevent the posting of three full-time positions "so they don't have to recall 2 Asian over 40 year old technologists" [sic] (*id*. at 3–4). Plaintiff filed a charge with the EEOC against the hospital on April 17, 2012, alleging that such action violated the collective bargaining agreement because per diems were required to be laid off first.

Next, plaintiff discovered that the hospital was posting full-time positions online, allegedly in violation of the collective bargaining agreement. Plaintiff alleges that he should have been "recalled" for his position because he was laid off less than eighteen months prior (*id*. at ¶ 22). Plaintiff filed another charge with the EEOC for discrimination against the hospital on July 17, 2012. Plaintiff received a notice of complainant of right to sue that same day. Plaintiff then commenced this action, identifying four claims for relief: (1) "retaliation for filing disability claim" in violation of the ADA; (2) constructive discharge; (3) "disparate treatment- race discrimination;" and (4) "age discrimination" (*id*. at ¶¶ 55–58). The hospital

2

1 now moves to dismiss the first amended complaint on the grounds that (1) a majority of the
2 allegations, including plaintiff's termination, are time-barred, and (2) the allegations that are not
3 time-barred are insufficient to state a claim for relief.

**ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). FRCP 8(a) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). At a minimum, a plaintiff must provide "the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Ibid*. To ensure that pro se litigants do not lose their right to a hearing on the merits because of a technical procedural requirement, our court of appeals construes pro se pleadings liberally. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

On a motion to dismiss pursuant to FRCP 12(b)(6), a district court may "consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

**1.     DISCRIMINATION CLAIMS.**

The complaint alleges that plaintiff was discriminated against because he was (1) over the age of forty, (2) Asian, and (3) disabled. Plaintiff alleges that the hospital treated the young, female, African-American 'per diem' technologists more favorably, thus evidencing its discrimination towards plaintiff's age, race, and disability. Plaintiff alleges violations pursuant to the Americans with Disabilities Act (42 U.S.C. 12101), the Age Discrimination and Employment Act (29 U.S.C. 621), and Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000). Our court of appeals has held that Title VII, the ADA, and the ADEA do not impose

3

individual liability on employees. *See Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587 (9th Cir. 1993). Accordingly, plaintiff's discrimination claims against each individual defendants fails. Because the complaint's discrimination and retaliation claims are either time-barred or fail to plead a claim for which relief may be granted, the hospital's motion to dismiss plaintiff's discrimination and retaliation claims is **GRANTED**.

### A. Time-Barred Discrimination and Retaliation Claims.

Defendant first asserts that plaintiff's Title VII, ADA, and ADEA claims should be dismissed because of plaintiff's failure to comply with the statutory time period for filing a charge with the EEOC. This order agrees insofar as plaintiff's discrimination claims are based upon the allegation that the hospital terminated his employment (on January 10, 2011) because of his age, disability, and race. Because plaintiff's termination occurred fifteen months before he filed the earlier of the two EEOC charges, his discrimination claims, to the extent they are based on these allegations, are time-barred. In regards to Title VII:

> Title 42 U.S.C. [Section] 2000e–5(e)(1) is a charge filing provision that 'specifies with precision' the prerequisites that a plaintiff must satisfy before filing suit. An individual must file a charge within the statutory time period and serve notice upon the person against whom the charge is made. In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other States, the charge must be filed within 180 days. A claim is time barred if it is not filed within these time limits.

*National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (internal citations omitted).

Thus, Title VII requires an employee to file a charge of discrimination with the EEOC within the statutorily-mandated deadline (180 or 300 days from the alleged discriminatory act). "The 180-day limit serves as a judicial statute of limitations as well, generally barring subsequent suit on discriminatory incidents occurring prior to the 180-day period." *Sosa v. Hiraoka*, 920 F.2d 1451, 1455 (9th Cir. 1990). The ADA and ADEA likewise require employees to file charges within the same time period in order to institute a civil action. 42 U.S.C. 12117(a); *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 586 (9th Cir. 1981).

4

Filing a timely charge of discrimination is "not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, equitable tolling . . . . The provision granting district court jurisdiction under Title VII does not limit jurisdiction to those cases in which there has been a timely filing with the EEOC." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Thus, a district court may in equity decide to toll the limit in special situations. *Sosa*, 920 F.2d at 1455–56 (continuing violation shown); *Temengil v. Trust Territory of the Pac. Islands*, 881 F.2d 647 (9th Cir. 1989) (employee lacked access to information); *Villasenor v. Lockheed Aircraft Corp.*, 640 F.2d 207 (9th Cir. 1981) (employer affirmatively sought to mislead the charging party).

Here, however, plaintiff does not allege any facts that would support grounds for equitable tolling. The complaint alleges that on January 10, 2011, the hospital fired plaintiff while he was on stress leave (First Amd. Compl. ¶ 43). Plaintiff, however, did not file his first EEOC charge until April 17, 2012, 463 days after his termination. Thus, to the extent plaintiff's discrimination and retaliation claims are based on his termination, they are time-barred.

### B. Non Time-Barred Discrimination Claims.

In support of plaintiff's discrimination theory, the complaint alleges two instances of discriminatory conduct occurring after plaintiff's termination and within the statutory time period. *First*, plaintiff alleges that the hospital "maneuver[ed] around language of Collective Bargaining Agreement to prevent the posting of 3 full time positions so they don't have to recall 2 Asian over 40 year old technologists" [sic] (*id*. at ¶ 21). *Second*, "Defendant were posting fulltime Position online . . . Per Collective Bargaining Agreement within 18 months Plaintiff should be recall when there are job Opportunity" [sic] (*id*. at ¶ 22). Assuming the truth of these allegations, this order finds that the complaint fails to state a claim upon which relief may be granted.

To have a valid discrimination claim under Title VII, the ADEA, or the ADA, a plaintiff must plead in his complaint that, among factors, he suffered an adverse employment decision. Plaintiff's complaint is devoid of any allegation (that is not time-barred) that the hospital took an adverse employment action against him. Although plaintiff, in his opposition, purports to

5

1  cite to the collective bargaining agreement for the proposition that "All per-diems Per diem
2  technologists Can not be working during and after Layoff" [sic] (Opp. at 7), this is an inaccurate
3  quote. Plaintiff identifies no provision within the collective bargaining agreement showing that
4  the hospital took an adverse action against him by either failing to (1) notify him of vacant
5  positions, or (2) "recall" him to work. Because the complaint fails to allege facts that plaintiff
6  is entitled to relief under Title VII, the ADA, or the ADEA, defendant's motion to dismiss
7  plaintiff's discrimination and retaliation claims is accordingly **GRANTED**.

### 2. CONSTRUCTIVE DISCHARGE.

Plaintiff's second for claim for relief is entitled "Constructive Discharge" and states that "[b]y the aforesaid acts of discrimination, the Defendants corporation and each one of them violated the public policy" (First Amd. Compl. ¶ 56). This order necessarily assumes two things. *First*, that plaintiff intended to plead wrongful discharge, rather than constructive discharge, which occurs when "a reasonable person in [the employee's] position would have felt that he was forced to quit because of intolerable and discriminatory working conditions." *Satterwhite v. Smith*, 744 F.2d 1380, 1381 (9th Cir. 1984). Because plaintiff was terminated, constructive discharge is not applicable. *Second*, this order assumes that plaintiff is referring to the public policy that an employer shall not discriminate against an employee on the basis of age, race or disability.

In *Tameny v. Atlantic Richfield*, 27 Cal.3d 167 (Cal. 1980), the Supreme Court of California established the common-law tort of wrongful discharge in violation of public policy. In *Tameny*, an employer discharged an employee because of the employee's refusal participate in an illegal price-fixing scheme. The lower court sustained the employer defendant's demurrer, finding no cause of action for discharging the at-will employee. In reversing, the Supreme Court of California held that, "when an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Id.* at 170. The decisions categorized this common-law tort as one of "wrongful discharge" of an employee that "contravenes public policy." *Id.* at 177–78.

6

Crucial to the California Supreme Court's decision was the fact that the complaint identified a statute that would be violated if the plaintiff complied with this employer's order. *Id.* at 170. No such statute has been identified here. This is fatal to plaintiff's claim.

Insofar as plaintiff's wrongful discharge claim relies upon the language of the collective bargaining agreement, it must be dismissed because it is preempted by the National Labor Relations Act. A state law claim is preempted by Section 301 of the LMRA when it necessarily requires the court to interpret an existing provision of a collective bargaining agreement that can reasonably be said to be relevant to the resolution of the dispute. *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 405–06 (1988). Accordingly, defendant's motion to dismiss plaintiff's wrongful discharge claim is **GRANTED**.

## CONCLUSION

Defendant's motion to dismiss plaintiff's first amended complaint is **GRANTED**. Plaintiff may seek leave to amend and will have **21 CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file a second amended complaint. A proposed amended complaint must be appended to the motion and plaintiff must plead his best case. Any such motion shall clearly explain how the amendments to the complaint cure the deficiencies identified herein.

Plaintiff's motion for leave to file a supplemental pleading in support of his opposition is **DENIED** because this order finds such pleading to be cumulative. Plaintiff's motion for an expedited status conference and motion to stay defendant's motion to dismiss pending discovery are **DENIED**.

The hearing scheduled for December 13, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: November 30, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7