United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN SHEK,

    Plaintiff,

v.

CHILDREN HOSPITAL RESEARCH CENTER OF OAKLAND, et al.,

    Defendants.

No. C 12-04517 WHA

**ORDER IMPOSING SANCTIONS AGAINST PLAINTIFF**

## INTRODUCTION

In this wrongful-termination action, our pro se plaintiff is now under an order to show cause as to why sanctions should not be imposed against him for knowingly serving the wrong person. For the reasons stated below, this order finds that plaintiff has seriously abused the process power of the district court and should be appropriately sanctioned.

## STATEMENT

Pro se plaintiff John Shek brought a complaint alleging discrimination and wrongful termination against his former employer Children's Hospital Research Center of Oakland and ten individuals, including a Mr. Joseph Robinson (Dkt. No. 16). A November 30 order granted the Hospital's motion to dismiss plaintiff's first amended complaint as to all defendants for failure to state a claim for relief, and provided that plaintiff might seek leave to amend within twenty-one days. He has not yet done so.

On December 6, 2012, at the end of a long case management calendar, the courtroom's public seating area was empty save and except for a man and woman. The Court inquired what they were waiting on and how they could be helped. The man stated that he had been summoned by plaintiff to appear at a case management conference for that day. He produced a notice to that effect, served by plaintiff. No one else was present, however, including plaintiff. The *Shek* case management conference, earlier scheduled for December 6, 2012, had been continued, per plaintiff's request (Dkt. No. 31) to December 13. It was incumbent on plaintiff to notify Mr. Robinson that he need not appear until then. However, plaintiff failed to do so.

Mr. Robinson further stated that he was *not* the Joseph Robinson named in the complaint. The Court then asked Mr. Robinson to come forward and explain further. Mr. Robinson stated that he had been wrongfully served by plaintiff's process server, and had tried without success, after reading the papers, to call and explain to plaintiff that he had the wrong person, but was hung up on by a woman who answered the phone. The Court requested Mr. Robinson to repeat the explanation, under oath, and then asked a few follow-up questions.

Mr. Robinson testified that two individuals came to his home with the evident intention to serve him with something. At his open front door, he overhead the man, an Asian man like Mr. Shek, say to his woman companion something to the effect that "this is not him." Despite this realization, the next day, the same woman returned with an officer and they served Mr. Robinson anyway — knowing him to be the wrong defendant. Mr. Robinson testified that he was a retired firefighter and had never been employed by Children's Hospital. The Court finds that the man and woman who came to Mr. Robinson's home were plaintiff John Shek and his sister Judith Shek.

This order finds that plaintiff and his sister knew that Mr. Robinson was *not* the intended defendant, but still proceeded to have him served anyway. The sworn record demonstrates, and the Court so finds, that it was (and still is) abundantly clear that Mr. Joseph L. Robinson is not the "Joseph Robinson" named in plaintiff's amended complaint. The Joseph Robinson they served is a retired civil servant who has dedicated his career to the City of Richmond Fire

2

Department. His only connection to Children's Hospital was when he, long ago, took his then young children there to receive care.

At the end of the hearing, the Court quashed the service of summons and complaint against Mr. Robinson and excused him from the case (Dkt. No. 57). The Court then issued a written order for plaintiff and Judith Shek to appear at the case management conference on December 13, 2012, and to show cause as to why sanctions should not be entered against them.

On December 12, 2012, plaintiff and Judith Shek submitted a declaration to the Court stating without explanation that Judith Shek was unable to attend the December 13 hearing because of a "previous engagement." Judith Shek further declared that she served the waiver of summons on Mr. Joseph Robinson by mail and that the United States Marshal served the summons to the victim (Dkt. No. 65).

At the hearing to show cause, Mr. Shek testified that he unintentionally served Mr. Joseph L. Robinson. Plaintiff testified that he "U.S. searched" the name "Joseph Robinson," and was given the address for Mr. Joseph L. Robinson. Although much of Mr. Shek's explanation was unintelligible, he testified that he served Mr. Robinson in regards to "another case" for purposes of Mr. Robinson's status as a "witness." However, Mr. Robinson's testimony, in addition to the papers he was served with, show that Mr. Robinson was named, and served, as a defendant in plaintiff's action.

\*     \*     \*

This order finds that plaintiff John Shek knowingly persisted in serving process against Mr. Joseph L. Robinson, the wrong defendant. The sworn record indicates that plaintiff and his process server (his sister) knew Mr. Robinson was not the intended defendant when they initially came to his home; however, the next day, Judith Shek returned and wrongfully caused the officer to serve him anyway. In response to the declaration submitted by Judith Shek stating that the summons "to Joseph Robinson was served by U.S. Marshal," it may be true that the Marshal physically served Mr. Robinson. However, the Marshal was acting at the instruction of Mr. Shek's sister and therefore the Marshal cannot be blamed — only Mr. Shek and his sister can be blamed. Furthermore, Mr. Robinson then attempted to contact plaintiff and inform him

3

of the mistake, but Mr. Robinson was hung up on. This forced Mr. Robinson to needlessly incur litigation-related expenses and stress.

The failure of plaintiff to discontinue the action against Mr. Robinson, after knowing that he was not the intended defendant, violated Rule 11 of the FRCP. Rule 11 requires that sanctions be assessed when a complaint is frivolous, legally unreasonable, or without factual foundation. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987). Rule 11 thus creates and imposes an affirmative duty of investigation both as to law and fact before filing. Sanctions are mandatory if a violation has occurred. *Ibid*. Rule 11 applies to pro se plaintiffs, although the court must take into account a plaintiff's pro se status when it determines whether the filing was reasonable. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). In determining whether it is sanctionable to sue a party who turns out to be an improper defendant, the standard is one of objective reasonableness. *Rachel*, 831 F.2d at 1508. Given that plaintiff has failed to adequately explain why Mr. Joseph L. Robinson was served in this action, in addition to the circumstances that (1) plaintiff's pre-filing inquiry consisted of nothing more than a "U.S. search"; (2) it was expressed that Mr. Joseph L. Robinson was not the intended defendant during initial service; and (3) plaintiff ignored Mr. Robinson's attempts to inform plaintiff that he was not the correct defendant, serving Mr. Robinson constitutes sanctionable misconduct.

**CONCLUSION**

As a sanction, except and until this Court determines that plaintiff has submitted an operative complaint, plaintiff will be precluded from serving *any additional defendants* — including anyone named Joseph Robinson — on account of plaintiff's abuse of the judicial system. All efforts by plaintiff to serve further individuals must cease immediately. Process served on individuals prior to today's hearing will stand, subject to motions to quash for improper service and other appropriate motions.

**IT IS SO ORDERED.**

Dated: December 13, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4