IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHEK, <br><br> Plaintiff, <br><br> v. <br><br> CHILDREN'S HOSPITAL & RESEARCH CENTER IN OAKLAND, et al., <br><br> Defendants. <br> _____ / | No. C 12-04517 WHA <br><br> **ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

      Plaintiff requests appointment of counsel in this employment discrimination action brought, *inter alia*, pursuant to Title VII of the Civil Rights Act of 1964. Because plaintiff is not an indigent litigant who may lose his physical liberty if he loses the litigation, there is no right to appointment of counsel in this case, *see Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), nor are funds available to compensate appointed counsel.

      In employment actions brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, pro bono counsel may be appointed "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B). The court must assess three factors under this section: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (citations omitted).

      In this district, if the court finds that the plaintiff meets the above-stated criteria, the

court may refer the plaintiff's case to the Federal Pro Bono Project, which will attempt to locate a volunteer attorney to represent the plaintiff. The Federal Pro Bono Project will attempt to secure representation only for indigent Title VII plaintiffs or indigent incarcerated plaintiffs bringing civil rights actions.

The Court is not convinced that plaintiff's claim has merit — the third requirement of *Bradshaw*. At present there is no operative complaint; plaintiff's motion for leave to file a seconded amended complaint to cure repeated pleading deficiencies is currently pending. It is also notable that plaintiff has been sanctioned under Rule 11 in this action for knowingly serving process on the wrong defendant.

Assuming — without deciding — that plaintiff's case has plausible merit, this order finds that plaintiff has not provided adequate information to satisfy the first and second requirements of *Bradshaw*. Plaintiff's request for appointment of counsel contains only the terse and unsupported assertions that he has made "reasonably diligent" efforts to obtain counsel and that he is unable to find counsel that he can afford. There is no evidence supporting these assertions. On the present record, plaintiff's request is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: January 3, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE