UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHEK,<br><br>    Plaintiff,<br><br>vs.<br><br>CHILDREN'S HOSPITAL RESEARCH CENTER OF OAKLAND *et al.*,<br><br>    Defendants. | Case No.: 12-CV-04517 WHA<br><br>ORDER DENYING MOTION OF PLAINTIFF FOR JUDICIAL RECUSAL OF THE HONORABLE WILLIAM H. ALSUP |

*Pro se* Plaintiff John Shek has filed a Motion for Judicial Recusal of the Honorable William H. Alsup, seeking to disqualify Judge Alsup from presiding over his case pursuant to 28 U.S.C. §§ 144, 455(a)-(b)(1) on the grounds that Judge Alsup is personally biased and prejudiced against him. On January 17, 2013, Judge Alsup referred Plaintiff's Motion to Disqualify for reassignment pursuant to Civil Local Rule 3-15, and the motion was assigned to the undersigned judge.

Having carefully considered the papers submitted, and the filings in this action, the Court finds that Plaintiff has not made the required showing of bias, prejudice or partiality to justify recusal or disqualification. Plaintiff's contention that Judge Alsup harbors a personal bias and prejudice against him appears to be based on disagreement with judicial rulings, not evidence. Such disagreement does not satisfy Plaintiff's burden to show a judge is biased. Therefore, and for the reasons set forth below, the Court hereby **DENIES** the Motion for Judicial Recusal.[1]

**I.   BACKGROUND**

This lawsuit arises out of Plaintiff's termination from his employment with Defendant Children's Hospital Research Center of Oakland where he worked as a radiologic technologist from

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which was not re-noticed for hearing after reassignment, is appropriate for decision without oral argument.

March 2006 through January 2011. Plaintiff alleges he suffered discrimination on the basis of his age, race and disability, both during his employment and after he was terminated. The Amended Complaint alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101; the Age Discrimination and Employment Act, 29 U.S.C. § 621; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000.

Plaintiff's belief that Judge Alsup has a strong personal bias and prejudice against him appears to arise from the following three adverse judicial rulings: First, on November 30, 2012, Judge Alsup granted the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint with leave to file a motion to amend. Plaintiff has filed a motion to amend his complaint. However, the motion is pending. Consequently no operative complaint is on file. Second, on December 13, 2012, Plaintiff was sanctioned for knowingly serving the complaint on the wrong person. Finally, in the third adverse judicial ruling, on January 3, 2013, Judge Alsup denied Plaintiff's Request for Appointment of Counsel, in part because there was no operative pleading.

## II. LEGAL STANDARD

When a party to a proceeding believes that the judge might have a personal bias or prejudice against him, he may file an affidavit seeking recusal of that judge. 28 U.S.C. §§ 144, 455(b)(1). The affidavit must specifically allege "facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Silba*, 624 F.2d 864, 867 (9th Cir. 1980). "'Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased.'" *Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119, 1129 (N.D. Cal. 2011) *aff'd sub nom. Perry v. Brown*, 671 F.3d 1052 (9th Cir. 2012) (quoting *Torres v. Chrysler Fin. Co.*, Case No. C-07-00915 JW, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007).

The standard for recusal or disqualification under both 28 U.S.C. §§ 144 and 455 is "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).[2] This

---

[2] Plaintiff cites *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009), which focused on instances where the due process clause of the Constitution requires recusal. Due process sets only a minimal standard for mandatory recusal, while leaving Congress and the States free to adopt more stringent standards where no

1 standard does not mandate recusal upon an "unsubstantiated suspicion of personal bias or prejudice."
2 *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (citations omitted). "[A] judge should be
3 disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that
4 a fair-minded person could not set aside when judging the dispute." *See Liteky v. United States*, 510
5 U.S. 540, 558 (1994) (Kennedy, J., concurring). An adverse judicial ruling is not an adequate basis
6 for recusal. *Id.* at 549. Absent some evidence of bias or prejudice originating outside of a
7 proceeding, a judge's rulings may be considered as a basis for disqualification "only in the rarest
8 circumstances." *Id*. at 555 ("Almost invariably they are proper grounds for appeal, not for recusal").

## III. DISCUSSION

Plaintiff offers no facts upon which a legitimate basis exists to disqualify Judge Alsup from presiding over Plaintiff's case. Instead, Plaintiff merely argues that Judge Alsup has made adverse rulings against him because of a personal bias or prejudice against him. Plaintiff also contends that Judge Alsup has not been sympathetic towards Plaintiff throughout this lawsuit. Although Plaintiff's declaration in support of his motion states that sufficient evidence exists to believe that Judge Alsup harbors a strong personal prejudice against him, the record is devoid of any evidence demonstrating such prejudice. The only support Plaintiff offers is his own disagreement with adverse judicial rulings. In particular, Plaintiff takes issue with: (A) an Order Granting Motion to Dismiss; (B) an Order Imposing Sanctions; and (C) an Order Denying Plaintiff's Request for Appointment of Counsel. These adverse rulings do not support disqualification.

### A. ORDER GRANTING MOTION TO DISMISS.

Plaintiff argues that Judge Alsup "[f]raudulently misrepresented in the order to dismiss" that, as pled in the Amended Complaint, Plaintiff's wrongful termination claims were time barred because he did not file a charge with the EEOC within 180 days of the adverse employment action but waited "475 days." Based upon the allegations in the Amended Complaint—that Defendant terminated Plaintiff on January 10, 2011 and Plaintiff filed a charge with the EEOC on April 17, 2012—Judge

---

other constitutional right is implicated. The concern about judicial impartiality articulated in *Caperton* arises out of circumstances where a judge has a direct, personal interest in the outcome of a case so substantial that, as a practical matter, the probability of actual bias rises to an unconstitutional level. That concern is not present here.

Alsup calculated that Plaintiff filed his EEOC charge "463 days" after he was terminated. As best the Court can tell, Plaintiff disputes this calculation based on facts, and an exhibit, that were not part of his Complaint or Amended Complaint. In his Motion for Leave to File a Second Amended Complaint, Plaintiff attaches a Notice of Right to Sue letter issued by the EEOC on March 17, 2011 and a "Charge of Discrimination" filed on February 10, 2011 (*see* Dkt. No. 70, Ex. B). Plaintiff did not reference either of these dates in his prior complaints.

The role of a judge considering a motion to dismiss a complaint is to assume that the well-pled allegations in the complaint are true, and then, based on those allegations, determine whether the plaintiff has stated grounds that would entitle him to relief. Based on the allegations pled in Plaintiff's Amended Complaint, Judge Alsup calculated that Plaintiff filed a charge with the EEOC 463 days after Plaintiff was terminated. This calculation, which was based upon the facts contained in the Amended Complaint itself, does not demonstrate personal animosity towards Plaintiff. Indeed, Judge Alsup provided Plaintiff the opportunity to file a motion to amend his complaint to allow Plaintiff to correct the pleading deficiencies that Judge Alsup identified in the Order of dismissal. If Plaintiff disagrees with Judge Alsup's calculation of time, then his remedy is to seek to amend the complaint, which he has done. The Order Granting Motion to Dismiss does not itself establish that Judge Alsup is biased or prejudiced against Plaintiff.

**B.    ORDER IMPOSING SANCTIONS.**

On December 13, 2012, Judge Alsup sanctioned Plaintiff for abuse of process after finding that Plaintiff knowingly served the wrong person with the summons and complaint. Here, because Plaintiff is proceeding *in forma pauperis*, Plaintiff used the U.S. Marshal to effect service on a person whom, Judge Alsup found, Plaintiff knew was not the individual named as a defendant in this lawsuit. To sanction this conduct, Judge Alsup issued an order to preclude Plaintiff from serving additional parties until Plaintiff has an operative complaint on file.

Plaintiff's motion indicates that the proper defendant to serve was Mr. Joseph Robinson, Jr., but Plaintiff served Mr. Joseph Robinson, Sr. instead. Judge Alsup heard testimony from both Mr. Robinson, Sr. and Plaintiff, and determined that Plaintiff knowingly served the wrong person. Plaintiff believes sanctions were unfounded for two reasons:

First, Plaintiff complains that Judge Alsup heard Mr. Robinson, Sr.'s testimony *ex parte* on December 6, 2012, which Plaintiff believes was improper. Mr. Robinson, Sr. appeared *ex parte* on December 6, 2012 because Plaintiff served Mr. Robinson, Sr. with a notice to appear for a case management conference on December 6, 2012 and then failed to notify Mr. Robinson, Sr. when the case management conference was continued, per Plaintiff's request (Dkt. No. 31), to December 13, 2012. At the end of his December 6, 2012 Case Management calendar, Judge Alsup observed Mr. Robinson, Sr. in the courtroom seating area. Judge Alsup inquired into why Mr. Robinson, Sr. was waiting and asked if he could provide any assistance. Mr. Robinson, Sr. stated he had been summoned by Plaintiff to appear at a case management conference that day. Mr. Robinson, Sr. also explained that he was not the Joseph Robinson named in the complaint. After further discussion, Judge Alsup placed Mr. Robinson, Sr. under oath and asked Mr. Robinson, Sr. to explain the circumstances surrounding service. Subsequently, at the December 13, 2012 Case Management Conference, Plaintiff had an opportunity to be heard and to explain his understanding of the circumstances surrounding Mr. Robinson, Sr.'s service.

Based upon these inquiries, Judge Alsup found that Plaintiff knowingly served the wrong person.[3] Plaintiff disputes Judge Alsup's finding and maintains that he served the wrong person by mistake. As set forth above, a disagreement with a judicial ruling does not demonstrate that Judge Alsup's impartiality might reasonably be questioned.

C.  **ORDER DENYING REQUEST FOR COUNSEL.**

Plaintiff also complains that Judge Alsup has prejudged the merits of this case because Judge Alsup wrote "[t]he Court is not convinced that plaintiff's claim has merit." Plaintiff reads a statement in the Order Denying Plaintiff's Request for Appointment of Counsel out of context. When evaluating Plaintiff's request to appoint counsel, Judge Alsup applied a three-factor test set

---

[3] Judge Alsup determined that Plaintiff and Plaintiff's sister went to Mr. Robinson, Sr.'s house to effect service but were informed by Mr. Robinson, Sr. that he was not the Joseph Robinson named in the lawsuit. The following day, Plaintiff's sister, acting as Plaintiff's agent for service, returned to Mr. Robinson, Sr.'s house and directed the U.S. Marshal to serve Mr. Robinson, Sr. Judge Alsup concluded that knowingly serving the wrong person violated Federal Rule of Civil Procedure 11 and that sanctions were mandatory. The sanction that Judge Alsup imposed was narrowly tailored to the specific violation found as it prevents Plaintiff from using a U.S. Marshal to serve any Defendant until after Plaintiff has an operative complaint on file.

forth in *Bradshaw v. Zoological Soc. of San Diego*, and considered, among other factors, "whether the plaintiff's claim has merit." 662 F.2d 1301, 1318 (9th Cir. 1981). Judge Alsup noted that no operative complaint existed from which to assess the merits of the suit; Plaintiff's Amended Complaint had been dismissed and his motion for leave to file a second amended complaint was, and remains, pending. When Judge Alsup wrote "[t]he Court is not convinced that plaintiff's claim has merit – the third requirement of *Bradshaw*," (Dkt. No. 76 at 2), he was not prejudging the merits of Plaintiff's lawsuit, but rather, he was assessing "the third requirement of *Bradshaw*." This ruling does not demonstrate that Judge Alsup's impartiality might reasonably be questioned.

### IV. CONCLUSION

A party may not seek disqualification of a judge simply because that judge has previously ruled against that party. An unsubstantiated suspicion of a personal bias or prejudice is not enough to mandate recusal or disqualification. Only upon an adequate showing of actual bias, prejudice, or partiality is disqualification of a judge proper. *See* 28 U.S.C. §§ 144, 455(a)-(b)(1).

Here, the judge's adverse rulings cannot form an adequate basis for recusal. Plaintiff's motion does not demonstrate that this is one of the "rarest circumstances" in which disqualification should be granted based on a judge's rulings. The adequacy of a judge's rulings is properly saved for an appeal. The Motion Requesting Recusal of Judge William Alsup is **DENIED**.

This Order Terminates Docket Number 80.

**IT IS SO ORDERED.**

Date: February 15, 2013

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE