United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN SHEK,

    Plaintiff,

v.

CHILDREN'S HOSPITAL
RESEARCH CENTER OF OAKLAND,

    Defendant.
                                /

No. C 12-04517 WHA

**ORDER (1) DENYING MOTION
FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT,
(2) DENYING MOTION TO
EXTEND TIME TO FILE
OPERATIVE PLEADING,
AND (3) DENYING PERMISSION
TO COMMENCE DISCOVERY
AND TRANSCRIPTS REQUEST**

## INTRODUCTION

In this wrongful-termination action, plaintiff moves for leave to file a second amended complaint. Plaintiff also moves to extend time again to file an operative pleading and moves for permission to commence discovery and requests hearing transcripts. For the reasons stated below, these motions are **DENIED**.

## STATEMENT

This action arises out of the termination of pro se plaintiff John Shek by defendant Children's Hospital Research Center of Oakland in January 2011. Shortly thereafter, in February 2011, plaintiff filed a discrimination charge with the EEOC and, in March 2011, received a notice of right to sue. In May 2011, plaintiff commenced a civil action in this district that was assigned to the Honorable Phyllis Hamilton, No. C-11-1968 PJH. Plaintiff was eventually given permission to dismiss that action without prejudice.

Following the action presided by Judge Hamilton, plaintiff filed two additional charges of discrimination in April and July 2012. On both occasions, plaintiff received right-to-sue notices for state claims. Plaintiff currently has at least one pending state case in Alameda County Superior Court alleging similar facts and against the same defendant as the present action.

In August 2012, plaintiff commenced the instant civil action alleging federal claims like those previously before Judge Hamilton. It happened to be assigned randomly to the undersigned judge. On motion by the defendant, plaintiff's first amended complaint was dismissed as untimely for failure to allege a federal discrimination claim within the statute of limitations. Plaintiff, however, was allowed to bring a motion seeking leave to file a second amended complaint. He has done so.

A hearing on plaintiff's motion for leave to file a second amended complaint was scheduled for March 21, 2013. Shortly before the scheduled hearing, plaintiff requested that it be rescheduled to attend a medical appointment. This request was granted and the hearing was rescheduled to March 28. Plaintiff then used the additional time to file two new motions: (1) a motion for extension of time to file an operative pleading (Dkt. No. 92), and (2) a motion for permission to commence discovery and request for transcripts of hearings (Dkt. No. 93), seeking to have them heard on an accelerated timetable.

At the March 28 hearing, plaintiff handed up pages from a recent notice of right to sue. The Court then allowed the parties to submit declarations providing information on the total number of charges of discrimination and notices of right to sue issued to plaintiff. Since commencing the present action, plaintiff has received three notices of right to sue from the EEOC — two in September 2012, and one in March 2013. These notices were derived from the earlier discrimination charges.

2

# ANALYSIS

**1. MOTION FOR LEAVE TO FILE A SECOND AMENDED PLEADING.**

    **A. Timeliness.**

Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5(f)(1), plaintiff was obligated to obtain a notice of right to sue from the EEOC and file a federal suit within ninety days of obtaining the notice of right to sue.

        *(1) March 2011 Notice of Right to Sue.*

Filing the present action seventeen months after obtaining the March 2011 notice of right to sue was and remains untimely. Contrary to plaintiff, the earlier action filed before Judge Hamilton did not toll the clock for the full delay involved. That action was dismissed eleven months before this action was commenced. Even if equitable tolling could somehow apply, it could not account for delay between dismissal of that action and commencement of this action.

        *(2) September 2012 and March 2013 Notices of Right to Sue.*

A plaintiff must first file a timely charge and then act upon a notice of right to sue *before* initiating a lawsuit for Title VII claims. *Myers-Desco v. Lowe's HIW, Inc.*, 484 Fed. Appx. 169, 171 (9th Cir. 2012) (internal citation omitted) (emphasis added). Utilizing the September 2012 or March 2013 notices of right to sue still makes the present action untimely because they were not obtained *before* commencement of the present action.

    **B. Adequacy of Proposed Second Amended Complaint.**

The foregoing disposes of all of the claims in the proposed pleading except for one possible exception. The only supposed new claim in this pleading not requiring a notice of right to sue is an allegation that defendant committed perjury during plaintiff's workers' compensation trial. Any facts surrounding the alleged perjury, however, are a mystery and not specified.

Therefore, the entire complaint is defective. Plaintiff will not be allowed to plead yet again. Plaintiff has repeated lawsuits over his termination, two now in federal court and at least one in state court (*Shek vs. Children's Hospital & Research Center at Oakland*, Alameda County

1  Superior Court, No. RG12660358).  The motion for leave to file a second amended complaint is,
2  therefore, **DENIED.**

3  The only basis for subject-matter jurisdiction is federal-question jurisdiction.  Since the
4  federal claims are now dismissed, the Court declines to exercise supplemental jurisdiction over
5  the vague state law claims, given that they remain so poorly pled and given that plaintiff has a
6  parallel state lawsuit already pending against the same defendant.

### 2. MOTION FOR EXTENSION OF TIME TO FILE OPERATIVE COMPLAINT.

Plaintiff used the recent one-week postponement to prepare and submit yet further motions.  They would not make any difference to the outcome and therefore, without further briefing, they are **DENIED**.

Plaintiff's motion for extension of time to file yet another complaint re-iterates his federal employment discrimination claims and then discusses the decision of the State of California Workers' Compensation Appeal Board dismissing plaintiff's petition for removal.  Plaintiff also discusses the delay he encountered in viewing his files and records from the Appeal Board.  None of this can possibly justify his failure to sue within the proper time limits, even considering his pro se status.  The request is **DENIED**.

### 3. MOTION FOR PERMISSION TO COMMENCE DISCOVERY AND REQUEST FOR TRANSCRIPTS OF HEARINGS.

As for the eleventh-hour motion for permission to commence discovery, that motion appears to be in response to a separate order regarding submission of additional evidence on whether Mr. Joseph Robinson, Sr. and Mr. Joseph Robinson, Jr. were father and son living at the same address at the time of the improper service by plaintiff (Dkt. No. 87).  Plaintiff failed to respond to the inquiry.  In response, however, defendant filed a declaration from Ms. Brenda Husband, defendant's Employee and Labor Relations Manager.  Manager Husband declares that Mr. Joseph Robinson, Jr., an employee of defendant's radiology tech department, lived in an address *different from* the one purported by plaintiff and that she is not aware of any information indicating that Mr. Joseph Robinson, Jr. has lived with a Mr. Joseph Robinson, Sr.  Contrary to plaintiff, there is no need for discovery into this, for the case is being dismissed for other

4

reasons. Likewise, there is no need for the public to pay for transcripts on this point. This motion is **DENIED**.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for leave to file a second amended complaint is **DENIED**. Accordingly, plaintiff's motions to extend time to file an operative pleading and permission to commence discovery are also **DENIED**. This case is now at an end in the district court. Judgment will now be entered against plaintiff, who should be mindful of the deadlines involved in taking appeals.

**IT IS SO ORDERED.**

Dated: April 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE