**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN SHEK,

    Plaintiff,

  v.

CHILDREN'S HOSPITAL RESEARCH
CENTER OF OAKLAND,

    Defendant.
                                      /

No. C 12-04517 WHA

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING MOTIONS FOR MISCELLANEOUS RELIEF**

## INTRODUCTION

Upon filing a contemporaneous notice of appeal, plaintiff files four motions on his recently closed wrongful termination case. For the reasons stated below, plaintiff's motion to proceed in forma pauperis is **GRANTED**. All other motions are **DENIED**.

## STATEMENT

In August 2012, pro se plaintiff John Shek commenced this action against defendant Children's Hospital Research Center of Oakland because he was allegedly discriminated against for his race, national origin and age, and was wrongfully discharged. After the most recent effort, the undersigned judge denied plaintiff's motion for leave to file a second amended complaint because his discrimination charges were untimely and, as to other potential claims, his proposed amended complaint was inadequate due to insufficient facts (Dkt. No. 99). On April 2, 2013, the undersigned judge closed the case and entered judgment against plaintiff. The state

action filed by plaintiff continues (*Shek vs. Children's Hospital & Research Center at Oakland et al.*, Alameda County Superior Court, No. RG12660358).

A week later, plaintiff filed a notice of appeal. Three of the instant motions were filed by plaintiff on the same day he filed the notice of appeal, and the fourth was filed after the notice of appeal. On April 15, our court of appeals referred the action to the undersigned judge "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith" (Dkt. No. 110). The next day, our court of appeals issued an order stating that proceedings would be held in abeyance pending the resolution of plaintiff's present motions by the undersigned judge (Dkt. No. 114).

**ANALYSIS**

In the present motions, plaintiff seems to be moving against more than one defendant by his use of *et. al* in the caption. Who that additional defendant might be is a mystery. In plaintiff's proposed second amended complaint, however, only Children's Hospital Research Center of Oakland was named as a defendant. This order, thus, will address the motions as it relates only to Children's Hospital as the sole defendant.

Since judgment was entered against plaintiff, he has filed four different motions: (1) a motion for leave to appeal in forma pauperis (Dkt. No. 105), (2) a motion for new trial (Dkt. No. 103), (3) a motion to stay pending appeal (Dkt. No. 104), and (4) a motion to reinstate in forma pauperis status after an order imposed sanction against plaintiff and request for sanctions against defendant (Dkt. No. 113). Each motion will be addressed in turn.

### 1. MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

When plaintiff filed a notice of appeal, he also filed a motion for leave to appeal in forma pauperis. Our court of appeals subsequently referred this action to the undersigned judge to determine whether in forma pauperis status should continue.

Plaintiff submitted an application to proceed in forma pauperis indicating that he is not presently employed, has not received any money, does not have a bank account, his home was foreclosed, and First United Services Credit Union is suing him (though plaintiff does not provide any information on this other suit). Under these circumstances, plaintiff's motion for

leave to appeal in forma pauperis is **GRANTED**. Moreover, although the appeal is meritless, the Court cannot say it is so frivolous or insincere as to deny in forma pauperis status.

### 2. MOTION FOR NEW TRIAL

Plaintiff argues that his ADEA and Title VII claims were not time barred because the EEOC "had initiated Different charge numbers when it should be added in one charge numbers" (*sic*) (Dkt. No. 103 at 1). He contends that the subsequent discrimination violations he reported should have been added to the previous charges (*id.* at 2). Plaintiff then goes on to re-assert his discrimination claims.

There has been no trial for this case. This case was dismissed in its pleading stage when plaintiff failed to adequately propose a second amended complaint and its motion for leave to file a second amended complaint was denied. Therefore, the motion for a new trial is **DENIED**.

### 3. MOTION TO STAY PENDING APPEAL

Plaintiff argues that stay is necessary to prevent "the irreparable harm that is certain To occur" (*sic*) (Dkt. No. 104 at 1). Plaintiff then proceeds to argue why his motion for leave to file a second amended complaint should be granted, that the Court's order imposing sanctions on plaintiff for serving the wrong person was erroneous, that the undersigned judge erroneously denied permission to commence discovery and provide transcripts to plaintiff, and that his discrimination claims were not time barred.

Federal Rule of Appellate Procedure 8(a)(1)(A) states that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." However, a motion to stay is made when there is a likelihood that substantial litigation will take place during the pendency of an appeal. *See Perron v. Hewlett-Packard Co.*, 2011 WL 1344221, at *2 (N.D. Cal. Apr. 8, 2011) (Judge Lucy Koh).

Here, there is no litigation that will take place during the appeal because there is no current operative complaint. Plaintiff's motion for leave to file a second amended complaint was denied. There is no litigation to pursue and, thus, there is nothing to stay. Plaintiff's motion to stay, therefore, is **DENIED**.

### 4. REQUEST FOR SANCTIONS AGAINST DEFENDANT.

Plaintiff refers to a hearing that took place on December 6, 2012, in which a Mr. Joseph Robinson who appeared before the undersigned judge with a summons from plaintiff was not the correct Mr. Joseph Robinson who plaintiff intended to serve (Dkt. No. 58), although it *was* who he *did* serve. On that date, an order was issued quashing the summons on Mr. Robinson after he testified under oath that he was *not* the defendant named in the original complaint (Dkt. No. 57).

Plaintiff further refers to an order in which the undersigned judge later requested evidence on whether either party knows if Mr. Joseph Robinson, Sr., and Mr. Joseph Robinson, Jr., were father and son and were living at the same address at the time of improper service (Dkt. No. 87). In response, plaintiff merely filed a motion to serve Mr. Robinson with a written interrogatory (Dkt. No. 93). Defendant filed a sworn declaration by its employee and labor relations manager, Ms. Brenda Husband, who stated that the address on file for its employee Mr. Robinson was *not* the address where plaintiff served the wrong Mr. Robinson (Dkt. No. 94). An order was subsequently issued stating that discovery as to this issue was not necessary because the action was being dismissed due to other issues — timeliness of the discrimination charges (Dkt. No. 99). After judgment was entered against plaintiff, he then filed a sworn declaration attesting that the person he served was the correct Mr. Robinson. This was too little too late.

In the instant motion, plaintiff asserts that Mr. Robinson's sworn testimony was false and that Ms. Husband's declaration was also false. Again, this is too little too late and amounts merely to allegations. At all events, an inquiry into whether the correct Mr. Robinson was served remains unnecessary because the case was dismissed for timeliness issues. This motion, therefore, is **DENIED**.

**CONCLUSION**

Plaintiff's motion to proceed in forma pauperis is **GRANTED**. For the reasons stated above, plaintiff's other motions are **DENIED**.

**IT IS SO ORDERED.**

Dated: May 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE